# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

RICHARD BARNETT, WILLIAM E. BENGE, CHRISTOPHER LEE DUFF, JACOB EDMONDS, JOHN HEALY, HALEY SMITH, MICHAEL STOTTLEMIRE, JEFF TABOR, DOUGLAS TROUT, And ADDISON WOODY on behalf of themselves and those similarly situated,

    Plaintiffs,

v.

AMANDA WORLEY, in her official Capacity as Cumberland County General Sessions Judge,

JENNIFER PHILLIPS CROSS, PATRICIA ELDRIDGE AND GREG WATSON, in their official Capacities as Judicial Commissioners of Cumberland County General Sessions Court,

    and

CASEY COX, in his official Capacity as Cumberland County Sheriff,

    Defendants.

Case No.: 2:22-cv-00060
Judge Crenshaw
Magistrate Judge Newbern

## PROPOSED INITIAL CASE MANAGEMENT ORDER

Pursuant to this Court's Local Rule 16.01, counsel for all parties have met and conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in

this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Newbern and the presiding District Judge.

A.   **JURISDICTION**:  The court has jurisdiction over Plaintiffs' claims under federal law pursuant to 28 U.S.C. § 1331 and 1343(a)(4) for claims brought pursuant to 42 U.S.C. § 1983.

B.   **BRIEF THEORIES OF THE PARTIES**:

*For Plaintiffs:*

The Defendants in this case violate Section 1983 protections by ignoring the Tennessee bail statutes that requires EVERY defendant to have bail set in EVERY non-capital case.

This case is virtually identical to a case in East Tennessee—Torres v. Collins, Federal District Court of Eastern District of Tennessee, 2:20-CV-0026-DCLC but this case adds two (2) categories to individuals who cannot make bail because they are illegally HELD WITHOUT BAIL.

In practical effect, Cumberland County operates a three-tier system of pretrial justice. In Cumberland County, people arrested for a criminal offense are either 1) held without bond for a bond hearing before General Session Judge Worley, 2) released on bond (if they can pay their bond) or 3) those individuals who cannot pay their bail money and remain in jail for days or weeks before they have any opportunity to: a) contest their pretrial detention,  b) explain that they cannot pay to make their bail or 3) enter a guilty plea that involves a time served sentence. How quickly—or whether—a person is released from jail depends on if bond is set at a reasonable amount and his or her access to money.

Plaintiffs seek a preliminary injunction that is prospective in nature to all potential class members (except capital murderers where the "proof is evident and the presumption great") that will require:

1) the Magistrate Defendants to be prohibited from holding ANYONE charged with a crime to be held without bail,

2) Magistrate Defendants and Defendant Worley to release anyone charged with a crime on their own recognizance (per T.C.A. section 40-11-115(a)) or in accordance with the provisions of Tennessee Code Annotated section 40-11-115(b) starting with considering "the defendant's length of residence in the community" provision and

3) Defendant Cox to produce any and all defendants who cannot make their bail before Defendant Judge Worley within a reasonable time.

**For Defendants:**

Plaintiffs' allegations fail to establish that Defendants have violated their due process rights under the Fourteenth Amendment or their right to counsel under the Sixth Amendment. Plaintiffs have also failed to provide support for their claims for declaratory and injunctive relief. Moreover, Plaintiffs cannot meet the requirements of Rule 23 to support class certification.

Defendants deny having a policy or practice of imposing financial conditions of release without regard to the arrested individual's ability to pay. Defendant Judicial Commissioners make individualized determinations based on their face to face interactions with the arrested individual, or their prior interactions and knowledge of the arrested individual, in setting the initial bond. Defendant Judge Worley currently holds initial appearances on Mondays and Thursdays, and makes individualized

determinations as to whether the bond should be lowered or the arrested individual should be released on their own recognizance. Defendant Judge Worley also appoints counsel to those arrested individuals who are indigent. Defendant Sheriff Casey Cox denies enforcing unlawful or unconstitutional actions of the Judicial Commissioners or Judge Worley. To the extent these claims are asserted against Defendants in their individual capacities, Defendants are entitled to qualified immunity.

Defendants aver that Plaintiffs lack standing to bring their claims inasmuch as they were lawfully held without bond or were able to make the bond set by the Judicial Commissioners and/or Judge Worley.

   **C.**  **ISSUES RESOLVED**:  Jurisdiction and venue

   **D.**  **ISSUES STILL IN DISPUTE**:  Liability and damages.

   **E.**  **INITIAL DISCLOSURES**:  The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **April 14, 2023.**

   **F.**  **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS**:  The parties shall develop a plan for resolution of the case that includes at least two independent attempts to resolve the case. The first attempt shall occur no later than 120 days from the initial case management conference, **July 12, 2023.**  By no later than that date, the parties shall submit a joint report to advise the Court that the parties made a good faith effort to resolve the case. The report shall state the specific steps taken toward case resolution, including that an offer or demand has been made and responded to and that counsel have discussed the parties' positions. The parties shall have conducted enough discovery or otherwise exchanged sufficient information to evaluate and discuss settlement substantively. The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of this requirement. If the

parties request referral for pro bono mediation or to a Magistrate Judge for a judicial settlement conference, they must make that request by motion. The motion shall include a statement as to why private mediation is not feasible and, if a judicial settlement conference is requested, why that is the preferable means of resolving the particular case. An updated joint report, including whether the parties have scheduled mediation or another form of ADR, shall be filed no later than 60 days before the deadline for the filing of dispositive motions, **March 1, 2024.** The parties may request referral to a member of the Court's ADR Panel for pro bono mediation by filing a motion that states why private mediation is not feasible and why referral to a mediator will materially advance the resolution of the case. The parties agree that they will attend mediation by **June 15, 2023** with a mediator agreed upon by the parties.

**G. DISCOVERY**: The parties shall complete all written discovery and depose all fact witnesses on or before **October 13, 2023.** Defendants shall respond to written discovery propounded by Plaintiffs by **April 15, 2023**. Written discovery shall proceed promptly and shall be served no later than **June 16, 2023.** Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No motions concerning discovery are to be filed until after counsel has spoken in a good faith effort to resolve any dispute(s).

If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and the District Judge's case management preferences, counsel shall file a motion for resolution of a discovery dispute to request a discovery dispute telephone conference. Not later than two days before the conference, the parties shall file a joint statement of the discovery dispute that states the particular requests or responses at issue, summarizes counsel's good-

faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All discovery-related motions shall be filed by no later than **October 6, 2023.**

**H.     MOTIONS TO AMEND OR TO ADD PARTIES**: Any motions to amend or to add parties must be filed by no later than **May 19, 2023.**

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

**I.     DISCLOSURE AND DEPOSITIONS OF EXPERTS**: The plaintiffs shall identify and disclose all expert witnesses and expert reports on or before **November 17, 2023.** The defendants shall identify and disclose all expert witnesses and reports on or before **January 19, 2024.** All expert witnesses shall be deposed on or before **March 15, 2024.** No supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

**J.     NEXT CASE MANAGEMENT CONFERENCE**. The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case

management deadlines, they shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

K. **DEADLINES FOR CLASS CERTIFICATION AND PRELIMINARY INJUNCTION**

The plaintiffs have filed a motion for class certification in this case. The defendants shall file a response to the motion for class certification no later than **May 31, 2023**. The plaintiffs shall thereafter file a reply no later than **June 14, 2023**. Briefing of the motion and response shall be limited to 25 pages each. Any reply shall be limited to 5 pages.

The plaintiffs have filed a motion seeking a preliminary injunction in this case. The defendants shall file a response to the motion for preliminary injunction no later than **May 31, 2023**. Plaintiffs shall thereafter file a reply no later than **June 14, 2023**.

L. **DISPOSITIVE MOTIONS**: Dispositive motions shall be filed by no later than **April 30, 2024.** Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

**M. ELECTRONIC DISCOVERY**. The parties have reached an agreement on how to conduct electronic discovery. Administrative Order No.174-1 therefore need not apply to this case. The parties agree that disclosure of discovery of electronically stored information should be requested with as much specificity as possible to minimize the required expense. Unless otherwise agreed upon, the parties may disclose/produce ESI in hardcopy or static form (e.g., searchable .pdf or .TIF), thereby allowing documents produced to be indexed and individually marked through "bates" stamping. Consistent with Fed.R.Civ.P. 34(b)(2)(E )(iii), the parties need not produce the same ESI in more than one form; however, after the production of ESI in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated (e.g., when the original creation date of a document is an issue and disputed or when the document or email appears incomplete or does not show all responses, replies, or attachments) or when a static image is not reasonably usable (e.g., when a .pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file). The parties agree that it is too early in the litigation to discuss the parameters of any search for potentially relevant ESI, but the parties agree to discuss search parameters, including keyword search terms, and will confer to attempt to reach an agreement once written discovery is propounded that seeks ESI. The parties shall also take reasonable steps to ensure that documents, ESI, and other tangible objects that are subject to discovery are not destroyed, removed, mutilated, altered, concealed, deleted, or otherwise disposed of.

**N. MODIFICATION OF CASE MANAGEMENT ORDER**. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest affected deadline. If the parties agree, the

motion may be filed up to the earliest affected deadline. The motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification. The motion for modification (even if a joint motion) must also include: (i) all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2)(f) that no dispositive motion deadline, including response and reply briefs, shall be filed later than 90 days in advance of the trial date.

**O. REQUESTS TO SEAL DOCUMENTS.** Any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp v. Fed. Home Loan Mortg. Corp.*, No. 15-6067, 2016 WL 3671629, at *4 (6th Cir. July 11, 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016)). Protective orders should not provide that documents produced in discovery and designated as "confidential" will automatically be sealed upon filing or use at trial. Any such language in a proposed protective order will be stricken and may result in denial of the motion to enter the protective order.

**P. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE**: The trial of this action is expected to last approximately five (5) days. A trial date no earlier than **October 9, 2024** is respectfully requested. The requested trial date and the dispositive motion deadline proposed in this Order conform to Local Rule 16.01(h)(1).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

Respectfully submitted,

*/s/ Robyn Beale Williams*
Robyn Beale Williams, BPR #19736
Laura Adams Hight, BPR #031942
**FARRAR & BATES, LLP**
12 Cadillac Drive, Suite 480
Brentwood, TN 37207
Phone: (615) 254-3060
Fax: (615) 254-9835
robyn.williams@farrar-bates.com
laura.hight@farrar-bates.com
*Counsel for Defendant Casey Cox*


*/s/ John B. Nisbet, III*
John B. Nisbet, III, BPR # 13364
P.O. Box 531
Livingston, TN 38570
Phone: 931-267-6203
nisbetcle@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 9th day of March 2023, a true and correct copy of the foregoing has been forwarded via the Courts electronic filing system to:

John B. Nisbet, III, BPR # 13364
P.O. Box 531
Livingston, TN 38570
Phone: 931-267-6203
nisbetcle@gmail.com


*/s/ Robyn Beale Williams*
Robyn Beale Williams